EILEEN M. DECKER
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
MICHAEL O. AZAT (Cal. Bar No. 278409)
Assistant United States Attorney
General Crimes Section
    1200 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2253
    Facsimile: (213) 894-0141
    E-mail:   michael.azat@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 15-00593-RGK |
|---|---|
| Plaintiff, | PLEA AGREEMENT FOR DEFENDANT RYAN THOMAS SEE |
| v. | |
| RYAN THOMAS SEE, | |
| Defendant. | |

1. This constitutes the plea agreement between defendant RYAN THOMAS SEE ("defendant") and the United States Attorney's Office for the Central District of California (the "USAO") in the above-captioned case. This agreement is limited to the USAO and cannot bind any other federal, state, local, or foreign prosecuting, enforcement, administrative, or regulatory authorities.

## DEFENDANT'S OBLIGATIONS

2. Defendant agrees to:

    a. At the earliest opportunity requested by the USAO and provided by the Court, appear and plead guilty to count one of the indictment in <u>United States v. See</u>, CR No. 15-00593-RGK, which

charges defendant with Bank Robbery in violation of 18 U.S.C. § 2113(a).

        b. Not contest facts agreed to in this agreement.

        c. Abide by all agreements regarding sentencing contained in this agreement.

        d. Appear for all court appearances, surrender as ordered for service of sentence, obey all conditions of any bond, and obey any other ongoing court order in this matter.

        e. Not commit any crime; however, offenses that would be excluded for sentencing purposes under United States Sentencing Guidelines ("U.S.S.G." or "Sentencing Guidelines") § 4A1.2(c) are not within the scope of this agreement.

        f. Be truthful at all times with Pretrial Services, the United States Probation Office, and the Court.

        g. Pay the applicable special assessments at or before the time of sentencing unless defendant lacks the ability to pay and prior to sentencing submits a completed financial statement on a form to be provided by the USAO.

        h. Make restitution at or before the time of sentencing, and not seek the discharge of any restitution obligation, in whole or in part, in any present or future bankruptcy proceeding.

        i. Agree to and not oppose the imposition of the following conditions of probation or supervised release: (1) a three-year term of supervised release; and (2) complete 200 hours of community service as directed by the United States Probation Office.

        j. Recommend a sentence of imprisonment at the mid-point of the applicable Sentencing Guidelines range, provided that the offense level used by the Court to determine that range is 21 or

higher and provided that the Court does not depart downward in offense level or criminal history category. For purposes of this agreement, the mid-point of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.

## THE USAO'S OBLIGATIONS

3. The USAO agrees to:

   a. Not contest facts agreed to in this agreement.

   b. Abide by all agreements regarding sentencing contained in this agreement.

   c. At the time of sentencing, move to dismiss the remaining counts of the indictment as against defendant. Defendant agrees, however, that at the time of sentencing the Court may consider any dismissed charges in determining the applicable Sentencing Guidelines range, the propriety and extent of any departure from that range, and the sentence to be imposed.

   d. At the time of sentencing, provided that defendant demonstrates an acceptance of responsibility for the offenses up to and including the time of sentencing, recommend a two-level reduction in the applicable Sentencing Guidelines offense level, pursuant to U.S.S.G. § 3E1.1, and recommend and, if necessary, move for an additional one-level reduction if available under that section.

   e. Not seek a sentence of imprisonment above the mid-point of the applicable Sentencing Guidelines range, provided that the offense level used by the Court to determine that range is 21 or higher and provided that the Court does not depart downward in offense level or criminal history category. For purposes of this agreement, the mid-point of the Sentencing Guidelines range is that defined by the Sentencing Table in U.S.S.G. Chapter 5, Part A.

## NATURE OF THE OFFENSE

4. Defendant understands that for defendant to be guilty of the crime charged in count one, that is, Bank Robbery in violation of Title 18, United States Code, Sections 2113(a), the following must be true: (1) the defendant, through force and violence or intimidation, took money belonging to or in the care, custody, control, management, or possession of a bank; and (2) the deposits of the bank were then insured by the Federal Deposit Insurance Corporation.

## PENALTIES AND RESTITUTION

5. Defendant understands that the statutory maximum sentence that the Court can impose for a violation of Title 18, United States Code, Section 2113(a), is: 20 years imprisonment; a three-year period of supervised release; a fine of $250,000 or twice the gross gain or gross loss resulting from the offense, whichever is greatest; and a mandatory special assessment of $100.

6. Defendant agrees to make full restitution to the victims of the offenses to which defendant is pleading guilty. Defendant agrees that, in return for the USAO's compliance with its obligations under this agreement, the Court may order restitution to persons other than the victims of the offenses to which defendant is pleading guilty and in amounts greater than those alleged in the counts to which defendant is pleading guilty. In particular, defendant agrees that the Court may order restitution to any victim of any of the following for any losses suffered by that victim as a result: (a) any relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with the offenses to which defendant is pleading guilty ; and (b) any count dismissed pursuant to this agreement as well as all relevant conduct, as defined in U.S.S.G. § 1B1.3, in connection with that count. The

parties currently believe that the applicable amount of restitution is approximately $4,018, but recognize and agree that this amount could change based on facts that come to the attention of the parties prior to sentencing.

7. Defendant understands that supervised release is a period of time following imprisonment during which defendant will be subject to various restrictions and requirements. Defendant understands that if defendant violates one or more of the conditions of any supervised release imposed, defendant may be returned to prison for all or part of the term of supervised release authorized by statute for the offense that resulted in the term of supervised release, which could result in defendant serving a total term of imprisonment greater than the statutory maximum stated above.

8. Defendant understands that, by pleading guilty, defendant may be giving up valuable government benefits and valuable civic rights, such as the right to vote, the right to possess a firearm, the right to hold office, and the right to serve on a jury. Defendant understands that once the court accepts defendant's guilty plea, it will be a federal felony for defendant to possess a firearm or ammunition. Defendant understands that the conviction in this case may also subject defendant to various other collateral consequences, including but not limited to revocation of probation, parole, or supervised release in another case and suspension or revocation of a professional license. Defendant understands that unanticipated collateral consequences will not serve as grounds to withdraw defendant's guilty plea.

9. Defendant understands that, if defendant is not a United States citizen, the felony conviction in this case may subject

defendant to: removal, also known as deportation, which may, under some circumstances, be mandatory; denial of citizenship; and denial of admission to the United States in the future. The court cannot, and defendant's attorney also may not be able to, advise defendant fully regarding the immigration consequences of the felony conviction in this case. Defendant understands that unexpected immigration consequences will not serve as grounds to withdraw defendant's guilty plea.

## FACTUAL BASIS

10. Defendant admits that defendant is, in fact, guilty of the offense to which defendant is agreeing to plead guilty. Defendant and the USAO agree to the statement of facts provided below and agree that this statement of facts is sufficient to support a plea of guilty to the charge described in this agreement and to establish the Sentencing Guidelines factors set forth in paragraph 12 below but is not meant to be a complete recitation of all facts relevant to the underlying criminal conduct or all facts known to either party that relate to that conduct.

On or about October 5, 2015, in Orange County, within the Central District of California, defendant, by force and violence, and by intimidation, knowingly took from the person and presence of another approximately $2,058 belonging to, and in the care, custody, control, management, and possession of JPMorgan Chase Bank, located at 555 North Euclid Street, Anaheim, California, a bank the deposits of which were then insured by the Federal Deposit Insurance Corporation. On or about October 5, 2015, defendant entered the Chase bank and handed a teller a note that said that defendant had a bomb in his bag and to give defendant $2,000. Fearing for her

safety, the teller opened the cash drawer and removed approximately $2,058 and gave the money to defendant. Defendant took the money and left the bank. The total amount of loss caused by defendant's overall conduct in this case is $4,018.

## SENTENCING FACTORS

11. Defendant understands that in determining defendant's sentence the Court is required to calculate the applicable Sentencing Guidelines range and to consider that range, possible departures under the Sentencing Guidelines, and the other sentencing factors set forth in 18 U.S.C. § 3553(a). Defendant understands that the Sentencing Guidelines are advisory only, that defendant cannot have any expectation of receiving a sentence within the calculated Sentencing Guidelines range, and that after considering the Sentencing Guidelines and the other § 3553(a) factors, the Court will be free to exercise its discretion to impose any sentence it finds appropriate up to the maximum set by statute for the crimes of conviction.

12. Defendant and the USAO agree to the following applicable Sentencing Guidelines factors:

| | | |
|---|---|---|
| Base Offense Level: | 20 | [U.S.S.G. § 2B3.1(a)] |
| Financial Institution | 2 | [U.S.S.G. § 2B3.1(b)(1)] |
| Threat of Death: | 2 | [U.S.S.G. § 2B3.1(b)(2)(F)] |
| Acceptance of Responsibility: | -2 | [U.S.S.G. § 3E1.1(a)] |

The USAO will agree to a two-level downward adjustment for acceptance of responsibility and, if applicable, move for an additional one-level downward adjustment under U.S.S.G. § 3E1.1(b) only if the conditions set forth in paragraph 3 are met. Subject to paragraph 24 below, defendant and the USAO agree not to seek, argue, or suggest in

7

any way, either orally or in writing, that any other specific offense characteristics, adjustments, or departures relating to the offense level be imposed. Defendant agrees, however, that if, after signing this agreement but prior to sentencing, defendant were to commit an act, or the USAO were to discover a previously undiscovered act committed by defendant prior to signing this agreement, which act, in the judgment of the USAO, constituted obstruction of justice within the meaning of U.S.S.G. § 3C1.1, the USAO would be free to seek the enhancement set forth in that section. Defendant understands that defendant's offense level could be increased if defendant is a career offender under U.S.S.G. §§ 4B1.1 and 4B1.2. If defendant's offense level is so altered, defendant and the USAO will not be bound by the agreement to Sentencing Guideline factors set forth above.

13. Defendant understands that there is no agreement as to defendant's criminal history or criminal history category.

14. Defendant and the USAO reserve the right to argue for a sentence outside the sentencing range established by the Sentencing Guidelines based on the factors set forth in 18 U.S.C. § 3553(a)(1), (a)(2), (a)(3), (a)(6), and (a)(7).

## WAIVER OF CONSTITUTIONAL RIGHTS

15. Defendant understands that by pleading guilty, defendant gives up the following rights:

    a. The right to persist in a plea of not guilty.

    b. The right to a speedy and public trial by jury.

    c. The right to be represented by counsel -- and if necessary have the court appoint counsel -- at trial. Defendant understands, however, that, defendant retains the right to be

1 | represented by counsel -- and if necessary have the court appoint
2 | counsel -- at every other stage of the proceeding.
3 |     d.    The right to be presumed innocent and to have the
4 | burden of proof placed on the government to prove defendant guilty
5 | beyond a reasonable doubt.
6 |     e.    The right to confront and cross-examine witnesses
7 | against defendant.
8 |     f.    The right to testify and to present evidence in
9 | opposition to the charges, including the right to compel the
10 | attendance of witnesses to testify.
11 |     g.    The right not to be compelled to testify, and, if
12 | defendant chose not to testify or present evidence, to have that
13 | choice not be used against defendant.
14 |     h.    Any and all rights to pursue any affirmative defenses,
15 | Fourth Amendment or Fifth Amendment claims, and other pretrial
16 | motions that have been filed or could be filed.

## WAIVER OF APPEAL OF CONVICTION

18 | 16.  Defendant understands that, with the exception of an appeal
19 | based on a claim that defendant's guilty pleas were involuntary, by
20 | pleading guilty defendant is waiving and giving up any right to
21 | appeal defendant's convictions on the offenses to which defendant is
22 | pleading guilty.

## LIMITED MUTUAL WAIVER OF APPEAL OF SENTENCE

24 | 17.  Defendant agrees that, provided the Court imposes a total
25 | term of imprisonment on all counts of conviction of no more than 51
26 | months, defendant gives up the right to appeal all of the following:
27 | (a) the procedures and calculations used to determine and impose any
28 | portion of the sentence; (b) the term of imprisonment imposed by the

1  Court; (c) the fine imposed by the court, provided it is within the
2  statutory maximum; (d) the amount and terms of any restitution order,
3  provided it requires payment of no more than $4,018; (e) the term of
4  probation or supervised release imposed by the Court, provided it is
5  within the statutory maximum; and (f) any of the following conditions
6  of probation or supervised release imposed by the Court: the
7  conditions set forth in General Orders 318, 01-05, and/or 05-02 of
8  this Court; the drug testing conditions mandated by 18 U.S.C.
9  §§ 3563(a)(5) and 3583(d); the alcohol and drug use conditions
10 authorized by 18 U.S.C. § 3563(b)(7); and any conditions of probation
11 or supervised release agreed to by defendant in paragraph 2 above,
12 including that defendant serve a (five) year term of supervised release
13 and complete 200 hours of community service.
14     18.  The USAO agrees that, provided (a) all portions of the
15 sentence are at or below the statutory maximum specified above and
16 (b) the Court imposes a term of imprisonment of no less than 41
17 months, the USAO gives up its right to appeal any portion of the
18 sentence, with the exception that the USAO reserves the right to
19 appeal the amount of restitution ordered if that amount is less than
20 $4,018.

21                  RESULT OF WITHDRAWAL OF GUILTY PLEA
22     19.  Defendant agrees that if, after entering guilty pleas
23 pursuant to this agreement, defendant seeks to withdraw and succeeds
24 in withdrawing defendant's guilty pleas on any basis other than a
25 claim and finding that entry into this plea agreement was
26 involuntary, then: (a) the USAO will be relieved of all of its
27 obligations under this agreement; and (b) should the USAO choose to
28 pursue any charge that was either dismissed or not filed as a result

of this agreement, then (i) any applicable statute of limitations will be tolled between the date of defendant's signing of this agreement and the filing commencing any such action; and (ii) defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

## EFFECTIVE DATE OF AGREEMENT

20. This agreement is effective upon signature and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney.

## BREACH OF AGREEMENT

21. Defendant agrees that if defendant, at any time after the signature of this agreement and execution of all required certifications by defendant, defendant's counsel, and an Assistant United States Attorney, knowingly violates or fails to perform any of defendant's obligations under this agreement ("a breach"), the USAO may declare this agreement breached. All of defendant's obligations are material, a single breach of this agreement is sufficient for the USAO to declare a breach, and defendant shall not be deemed to have cured a breach without the express agreement of the USAO in writing. If the USAO declares this agreement breached, and the Court finds such a breach to have occurred, then: (a) if defendant has previously entered a guilty plea pursuant to this agreement, defendant will not be able to withdraw the guilty plea, and (b) the USAO will be relieved of all its obligations under this agreement.

22. Following the Court's finding of a knowing breach of this agreement by defendant, should the USAO choose to pursue any charge that was either dismissed or not filed as a result of this agreement, then:

    a. Defendant agrees that any applicable statute of limitations is tolled between the date of defendant's signing of this agreement and the filing commencing any such action.

    b. Defendant waives and gives up all defenses based on the statute of limitations, any claim of pre-indictment delay, or any speedy trial claim with respect to any such action, except to the extent that such defenses existed as of the date of defendant's signing this agreement.

    c. Defendant agrees that: (i) any statements made by defendant, under oath, at the guilty plea hearing (if such a hearing occurred prior to the breach); (ii) the agreed to factual basis statement in this agreement; and (iii) any evidence derived from such statements, shall be admissible against defendant in any such action against defendant, and defendant waives and gives up any claim under the United States Constitution, any statute, Rule 410 of the Federal Rules of Evidence, Rule 11(f) of the Federal Rules of Criminal Procedure, or any other federal rule, that the statements or any evidence derived from the statements should be suppressed or are inadmissible.

## COURT AND PROBATION OFFICE NOT PARTIES

23. Defendant understands that the Court and the United States Probation Office are not parties to this agreement and need not accept any of the USAO's sentencing recommendations or the parties' agreements to facts or sentencing factors.

24. Defendant understands that both defendant and the USAO are free to: (a) supplement the facts by supplying relevant information to the United States Probation Office and the Court, (b) correct any and all factual misstatements relating to the Court's Sentencing Guidelines calculations and determination of sentence, and (c) argue on appeal and collateral review that the Court's Sentencing Guidelines calculations and the sentence it chooses to impose are not error, although each party agrees to maintain its view that the calculations in paragraph 12 are consistent with the facts of this case. While this paragraph permits both the USAO and defendant to submit full and complete factual information to the United States Probation Office and the Court, even if that factual information may be viewed as inconsistent with the facts agreed to in this agreement, this paragraph does not affect defendant's and the USAO's obligations not to contest the facts agreed to in this agreement.

25. Defendant understands that even if the Court ignores any sentencing recommendation, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw defendant's guilty pleas, and defendant will remain bound to fulfill all defendant's obligations under this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

## NO ADDITIONAL AGREEMENTS

26. Defendant understands that, except as set forth herein, there are no promises, understandings, or agreements between the USAO

and defendant or defendant's attorney, and that no additional promise, understanding, or agreement may be entered into unless in a writing signed by all parties or on the record in court.

### PLEA AGREEMENT PART OF THE GUILTY PLEA HEARING

27. The parties agree that this agreement will be considered part of the record of defendant's guilty plea hearing as if the entire agreement had been read into the record of the proceeding.

AGREED AND ACCEPTED

UNITED STATES ATTORNEY'S OFFICE
FOR THE CENTRAL DISTRICT OF
CALIFORNIA

EILEEN M. DECKER
United States Attorney

*[signature]* Joseph O. Axelrad                     Date 5/8/16
MICHAEL O. AZAT Joseph O. Axelrad
Assistant United States Attorney

*[signature]*                                        Date 4-29-16
RYAN THOMAS SEE
Defendant

*[signature]*                                        Date 4/29/16
JENNIFER J. UYEDA
Attorney for Defendant
RYAN THOMAS SEE


### CERTIFICATION OF DEFENDANT

I have read this agreement in its entirety. I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney. I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the evidence with my attorney, and my attorney has advised me of my rights, of possible pretrial motions that might be

14

filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement. No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am pleading guilty because I am guilty of the charges and wish to take advantage of the promises set forth in this agreement, and not for any other reason.

_____    4-29-16
RYAN THOMAS SEE              Date
Defendant

### CERTIFICATION OF DEFENDANT'S ATTORNEY

I am defendant RYAN THOMAS SEE's attorney. I have carefully and thoroughly discussed every part of this agreement with my client. Further, I have fully advised my client of his rights, of possible pretrial motions that might be filed, of possible defenses that might be asserted either prior to or at trial, of the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement. To my knowledge: no promises, inducements, or representations of any kind have been made to my client other than those contained in this agreement; no one has threatened or forced my client in any way to enter into this agreement; my client's decision to enter into this agreement is an informed and voluntary one; and the factual basis set

1  forth in this agreement is sufficient to support my client's entry of
2  guilty pleas pursuant to this agreement.

3  _____          4/29/16
4  JENNIFER J. UYEDA                       _____
   Attorney for Defendant                  Date
5  RYAN THOMAS SEE